# BartlitBeck LLP

Wesley A. Morrissette
Wesley.Morrissette@BartlitBeck.com

Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
main: (312) 494-4400
direct: (312) 494-4401

BartlitBeck.com

September 28, 2023

**Via CM/ECF**

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St, NW
Atlanta, GA 30303

    Re:    *Rose et al. v. Georgia Secretary of State*, **No. 22-12593**

Dear Mr. Smith,

    Appellees submit this letter under Federal Rule of Appellate Procedure 28(j) to alert this Court of a pertinent and significant decision, *Allen v. Milligan*, No. 23A231, 600 U.S. _____ (Sept. 26, 2023), that supports affirmance here.

    In *Milligan*, the Supreme Court rejected, without dissent, the Alabama Secretary of State's application to stay the District Court's order enjoining the use of the Alabama legislature's 2023 remedial plan and ordering a special master and cartographer to draw a replacement. Op. 1. In the order at issue, a three-judge panel that included Judge Marcus unanimously held that the Alabama legislature's 2023 remedial map was insufficient to remedy the Section Two violation because it did "not include an additional opportunity district," and that it would likely violate Section Two even if analyzed anew. *Singleton v. Allen*, — F. Supp. 3d —, 2023 WL 5691156, at *50 (N.D. Ala. Sept. 5, 2023).

    The Supreme Court's decision is pertinent here. The District Court's injunction order in *Milligan* again rejected the same argument Secretary makes in the present case: that Georgia's state interest in having statewide elections for the Public Service Commission—what the Secretary refers to as Georgia's "chosen form of government" (Br. 23)—somehow trumps the remaining factors of the totality of the circumstances analysis. In *Milligan*, the District Court emphasized that Supreme Court precedent "has time and again rejected the idea that any circumstance can be the circumstance that allows a plan to dilute votes." *Singleton*, 2023 WL 5691156, at *66. Here, Judge Grimberg correctly applied this precedent in weighing the Secretary's state-interest/form-of-government argument as just one of the nine Senate Factors to be considered.

BartlitBeck LLP

September 28, 2023
Page 2

                                                        Sincerely,

                                                        Wesley A. Morrissette
                                                        Counsel for Appellees

cc:  All counsel on CM/ECF