No. 22-12593-J

# United States Court of Appeals for the Eleventh Circuit

RICHARD ROSE, BRIONTÉ McCORKLE,
WANDA MOSLEY, and JAMES "MAJOR" WOODALL,

*Plaintiffs-Appellees*,

v.

GEORGIA SECRETARY OF STATE,

*Defendant-Appellant.*

*Appeal from the U.S. District Court for the Northern District of Georgia, Case No. 20-cv-2921, before the Honorable Steven D. Grimberg*

## APPELLEES' MOTION TO STAY THE MANDATE

Nicolas L. Martinez
Wesley A. Morrissette
BARTLIT BECK LLP
54 West Hubbard Street
Suite 300
Chicago, Illinois 60654
(312) 494-4400
nicolas.martinez@bartlitbeck.com
wesley.morrissette@bartlitbeck.com

Bryan L. Sells
THE LAW OFFICE OF
  BRYAN L. SELLS, LLC
Post Office Box 5493
Atlanta, Georgia 31107
(404) 480-4212
bryan@bryansellslaw.com

*Counsel for the Plaintiffs-Appellees*

DECEMBER 7, 2023

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

I hereby certify under Eleventh Circuit Rules 26.1, 26.1-2, and 26.1-3 that these persons and entities have or may have an interest in the outcome:

Bartlit Beck LLP

Beranek, Lori

Carr, Christopher

Clarke, Kristen

Erskine, Kurt R.

Georgia Department of Law

Grimberg, Steven D.

Herren, Jr., T. Christian

Hughes, Aileen Bell

Jacoutot, Bryan F.

Karlan, Pamela S.

LaRoss, Diane

Martinez, Nicolas

McCorkle, Brionté

McGowan, Charlene

Mellett, Timothy F.

Morrissette, Wesley

Mosley, Wanda

Petrany, Stephen J.

Raffensperger, Brad

Rose, Richard

Sells, Bryan L.

Sitton, Janie Allison (Jaye)

Taylor English Duma LLP

The Law Office of Bryan L. Sells, LLC

Tyson, Bryan P.

U.S. Department of Justice

Webb, Bryan K.

Willard, Russell D.

Woodall, James "Major"

No publicly traded company has an interest in the outcome.

December 7, 2023

*/s/ Bryan L. Sells*
Bryan L. Sells
THE LAW OFFICE OF BRYAN L. SELLS, LLC
Post Office Box 5493
Atlanta, Georgia 31107
(404) 480-4212
bryan@bryansellslaw.com

[C-2 of 2]

3

## MOTION TO STAY THE MANDATE

This is a voting-rights challenge to Georgia's practice of using at-large, statewide elections for members of its Public Service Commission. The Plaintiffs—a group of Black Georgians—sued Georgia Secretary of State Brad Raffensperger in July 2020, alleging that the at-large elections dilute Black voting strength in violation of Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301.

After more than two years of litigation and a week-long bench trial, the district court made detailed findings of fact and comprehensive conclusions of law to support its ultimate conclusion that the challenged election practice violates Section 2. The court enjoined future elections using the unlawful practice and gave the Georgia General Assembly an opportunity to devise a remedy.

The Secretary appealed, and this Court reversed, holding that Georgia's chosen method of election "is afforded protection [from challenge under the Voting Rights Act] by federalism and our precedents." Op.34. The Plaintiffs now ask the Court to stay the mandate under Rule 41 of the Federal Rules of Appellate Procedure in order to preserve the

4

status quo while they ask the Supreme Court to clarify the important issues in this case.

## GROUNDS FOR STAY

This Court may stay its mandate pending the filing of a petition for certiorari upon a showing "that the petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). This standard is met when a movant shows "(1) a reasonable probability that four Justices will consider the issue sufficiently meritorious to grant certiorari; (2) a fair prospect that a majority of the Court will vote to reverse the judgment below; and (3) a likelihood that irreparable harm will result from the denial of a stay." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam); *see also Am. Axle & Mfg., Inc. V. Neapco Holdings LLC,* 977 F.3d 1379, 1380-81 (Fed. Cir. 2020 (applying the *Hollingsworth* standard to a motion under Rule 41(d)(1)). This case satisfies all three.

*First*, the Supreme Court has already decided that there is a reasonable probability it will grant certiorari in this case. In granting Appellees' application to vacate a prior stay issued by this Court, the Supreme Court necessarily found that this case "could and very likely would

5

be reviewed [by the Supreme Court] upon final disposition in the court of appeals." *Coleman v. Paccar, Inc.*, 424 U.S. 1301, 1304 (1976) (Rehnquist, J., in chambers). That finding should settle the matter.

*Second*, there is a fair prospect that a majority of the Supreme Court will reverse this Court's judgment. The judgment is contrary to the text of Section 2, the Supreme Court's recent decision in *Allen v. Milligan*, 599 U.S. 1 (2023), and several other Supreme Court decisions that *Milligan* reaffirmed. Indeed, the panel's opinion acknowledges the tension between this Court's precedent and *Milligan*. Op.32. The same five Justices who comprised the *Milligan* majority a few months ago are likely to vote the same way here—or, at least, there is a fair prospect that they will do so.

*Third*, Appellees will suffer irreparable harm if the mandate issues while they seek certiorari. Absent a stay, Georgia will proceed to conduct Public Service Commission elections using a statewide, at-large method that a federal court—following a week-long trial featuring more than a dozen witnesses—has found unlawfully dilutes the voting strength of millions of Black citizens. Those include elections for District 3, a majority-Black district according to the undisputed evidence at trial. Allowing

6

at-large elections to proceed now would risk locking in until 2030 a District 3 commissioner who was elected by unlawful means. Staying the mandate would obviate that risk and not unfairly prejudice the Secretary. It has been nearly sixteen months since the district court entered its injunction in this case. Current members of the Public Service Commission remain in office until their successors are elected. O.C.G.A. § 46-2-1(d). Waiting a few more months for certiorari proceedings to resolve is hardly unfair.

## CONCLUSION

For the foregoing reasons, the Court should stay the issuance of the mandate pending the disposition of a timely filed petition for a writ of certiorari.

December 7, 2023                    Respectfully submitted,

*/s/ Bryan L. Sells*
Bryan L. Sells
THE LAW OFFICE OF BRYAN L. SELLS, LLC
Post Office Box 5493
Atlanta, Georgia 31107
Tel.: (404) 480-4212
bryan@bryansellslaw.com

Nicolas L. Martinez
Wesley A. Morrissette
BARTLIT BECK LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60654
Tel.: (312) 494-4400
Fax: (312) 494-4440
nicolas.martinez@bartlitbeck.com
wesley.morrissette@bartlitbeck.com

*Counsel for the Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 37(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and Eleventh Circuit Rule 32-4, this document contains 700 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 14-point, Century Schoolbook font.

December 7, 2023      */s/ Bryan L. Sells*
Bryan L. Sells
THE LAW OFFICE OF BRYAN L. SELLS, LLC
Post Office Box 5493
Atlanta, Georgia 31107
Tel.: (404) 480-4212
bryan@bryansellslaw.com
*Counsel for the Plaintiffs-Appellees*